UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAUL ANTHONY GRAHAM,

      Petitioner,

                        Case No. 8:06-CR-508-T-23MAP
                                    8:09-CV-812-T-23MAP

UNITED STATES OF AMERICA,

      Respondent.

_____/

## O R D E R

This cause comes on for consideration of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Title 28 U.S.C. § 2255 (CV-D-1; CR-D-150), and the Government's response in opposition thereto (CV-D-7).

### BACKGROUND

On December 12, 2006, Petitioner was charged by way of an Indictment alleging bank robbery and aiding and abetting in violation of 18 U.S.C. §§ 2113(a) and (d) and 2 (Count One), and carrying and using a firearm during the commission of the bank robbery in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count Two). Petitioner was originally represented by Assistant Federal Public Defender Howard Anderson. Due to a subsequent conflict of interest, attorney Mark Rodriguez was appointed to represent Petitioner. On August 13, 2007, the

day of Petitioner's scheduled trial, Petitioner pled guilty to Count One of the Indictment pursuant to a written plea agreement. On November 13, 2007, the Court sentenced Petitioner to a term of imprisonment of 113 months.

Petitioner appealed. Attorney Rodriguez filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and simultaneously moved to withdraw from representation of Petitioner. In the appellate brief, Attorney Rodriguez identified the following issues: (1) whether Petitioner's plea was knowingly and voluntarily entered; (2) whether Federal Rule of Criminal Procedure 11 was substantially followed during Petitioner's plea colloquy; and (3) whether Petitioner was fully advised of the consequences of his appeal waiver provision on the plea agreement. Attorney Rodriguez, however, candidly admitted in the brief that none of these issues had merit. Petitioner filed his own reply brief claiming this Court erred in failing to grant him a third level for acceptance of responsibility.

On August 28, 2008, the Eleventh Circuit found that "independent review of the entire record reveals that counsel's assessment of the relative merit of the appeal is correct...." and, finding no issues of arguable merit,

affirmed Petitioner's conviction and sentence. <u>United States</u> <u>v. Graham</u>, 291 Fed. App'x 288 (11th Cir. 2008) (per curiam).

Petitioner filed a timely § 2255 motion claiming that he received ineffective assistance of counsel at sentencing. In this regard, Petitioner claims that his counsel failed to investigate and object to the statements in paragraph 39 of the Presentence Investigation Report ("PSI"). Petitioner claims that had his counsel objected, Petitioner would have had a lower criminal history category and, consequently, would have received a sentence of 98 months rather than 113 months.

Paragraph 39 of the PSI reflects that Petitioner pled nolo contendere to third degree grand theft and was adjudicated guilty and sentenced to probation. It further reflects that a misdemeanor charge for unlicensed mechanical contracting was nolle prossed. (PSI ¶ 39.) Petitioner was assessed one criminal history point under United States Sentencing Guideline section 4A1.1(c) for the grand theft conviction. Taken together with his other convictions, Petitioner was assessed a total of 7 criminal history points which made him a criminal history category IV. With a total offense level of 27 and a criminal history category IV, Petitioner's guideline range was a term of imprisonment of 100

3

to 125 months. Petitioner's sentence of 113 months falls in the mid-range.

However, records from the Sixth Judicial Circuit Court for Pinellas County, Florida, show that Petitioner entered a plea of nolo contendere to the offense of unlicensed mechanical contracting and that a nolle prosequi was entered as to the grand theft count. (CV-D-1, p. 25, 27; CV-D-7, Exh. C, p. 25, 26, 29.) If this offense were not scoreable, Petitioner would have had a total of six criminal history points and would have been designated a criminal history category III, which would have lowered his sentencing guideline range to a term of imprisonment of 87 to 108 months.

The Government candidly admits that paragraph 39 of the PSI is mistaken as to the charge for which Petitioner was convicted. However, the Government argues that Petitioner waived his right to collaterally attack his sentence. Alternatively, the Government argues that Petitioner cannot show any prejudice stemming from Petitioner's attorney's failure to object to the mistake because Petitioner still would have been assessed a point for the misdemeanor conviction, and, as such, Petitioner's criminal history category and resulting guideline range would remain unchanged.

4

**DISCUSSION**

**I.    WAIVER**

As indicated above, the Government contends that Petitioner expressly waived his right to collaterally attack his sentence pursuant to his written plea agreement, and, as such, the Court should deny his petition. "An appeal waiver is valid if a defendant enters into it knowingly and voluntarily." United States v. Bascomb, 451 F.3d 1292, 1294 (11th Cir. 2006) (citing United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993)). "A Defendant's waiver of the right to appeal 'directly or collaterally' encompasses his right to challenge his sentence in a section 2255 proceeding." Cuevas v. United States, Nos. 8:98-cr-154-T-23TGW, 8:06-cv-1126-T-24TGW, 2006 WL 3408180, at *7 (M.D. Fla. Nov. 26, 2006) (citations omitted). In order to be knowing and voluntary, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." Bushert, 997 F.2d at 1351.

In Williams v. United States, 396 F.3d 1340, 1342 (11th

5

Cir. 2005), <u>cert.</u> <u>denied</u>, 126 S.Ct. 1125 (2006), the Eleventh Circuit held that a sentence-appeal waiver in a plea agreement precludes a defendant from collaterally attacking his sentence through a claim of ineffective assistance of counsel. There, the petitioner argued that the sentence-appeal waiver provision did not preclude him from contesting his counsel's effectiveness related to his sentencing. <u>Id.</u> at 1341. The Eleventh Circuit was persuaded by the other circuits that had found that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." <u>Id.</u> at 1342 (citations omitted.) The Eleventh Circuit reasoned that "a contrary result would permit a defendant to circumvent the terms of a sentence-appeal waiver simply be recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." <u>Id.</u>

The court then found that, at the plea hearing, the district court had reviewed the provision with the petitioner and had found that petitioner entered into the written plea agreement knowingly and voluntarily. The Eleventh Circuit

noted that "the plain language of the agreement informed Williams that he was waiving a collateral attack on his sentence." Id. The court therefore affirmed the denial of collateral relief. Id.

In this case, Petitioner's Plea Agreement includes the following provision:

> 5.  Appeal of Sentence - Waiver
>
> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant' sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guideline range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guideline range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution, provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

(CR-D-102, p. 7-8.)

At the guilty plea hearing, the Court reviewed the foregoing provision with the Petitioner. The following exchange took place:

The COURT:   In paragraph five there's a provision

styled Waiver of Appeal of Sentence and
that provides that by signing this plea
agreement that contains this provision, you
are waiving or giving up your right to
appeal your sentence that is imposed by
this court at the time of sentencing or to
challenge it on any ground, except you
could challenge the sentence of the Court
on the ground that the sentence exceeds the
applicable guidelines as determined by the
court, or on the ground that the sentence
exceeds the statutory maximum penalty, or
that the sentence violates the Eighth
Amendment to the constitution and it is
unusually harsh or severe.  But in all
other respects you give up your rights to
appeal unless the government also appeals.
Do you understand that?

The Defendant:     Yes, I do.

(CR-D-137, p. 16-17.)

The record demonstrates that the Court advised
Petitioner about his appeal waiver during the Rule 11
colloquy. Additionally, Petitioner's counsel raised on appeal
the issue of whether the appellate waiver was entered into
knowingly and voluntarily.  Counsel found "no merit to a claim
of an unknowing and/or involuntary waiver of the Defendant's
rights."  Brief for Appellate, <u>United States v. Graham</u>, No.
07-1553B, 2008 WL 4212673, at * 11 (11th Cir. filed March 24,
2008).  The Eleventh Circuit agreed with counsel's assessment.
<u>Graham</u>, 291 Fed. App'x. at *1.

The waiver provision was included in the plea agreement

and Petitioner acknowledged that he had reviewed the plea agreement with his attorney and understood and agreed with the terms and conditions and provisions included in the agreement. (Cr-D-137, p. 15.)  Accordingly, Petitioner's waiver of his right to collaterally attack his sentence was made knowingly and voluntarily.  Brown v. United States, 256 Fed. Appx. 258, 262 (11th Cir. 2007), reh'g en banc denied by, 277 Fed. Appx. 977 (11th Cir. 2008).  Furthermore, this Court did not depart upward from the sentencing guidelines, impose a sentence above the statutory maximum or impose a sentence in violation of the law apart from the sentencing guidelines, nor did the Government exercise its right to appeal.  Thus, given the waiver provision Petitioner's right to collaterally attack his sentence is waived.

As previously indicated, a valid appeal waiver precludes § 2255 claims based on ineffective assistance of counsel at sentencing.  See Williams, 396 F.3d at 1342; accord Leach v. United States, 171 Fed. Appx. 765 (11th Cir. 2006).  As such, Petitioner's claim of ineffective assistance of counsel in failing to properly investigate Petitioner's state conviction and object to paragraph 39 of the PSI at sentencing is waived. However, even if Petitioner's claim of ineffective assistance

of counsel were not waived, for the reasons stated below, he is not entitled to the relief he seeks.

## II. INEFFECTIVE ASSISTANCE of COUNSEL

Petitioner's sole claim is that his counsel failed to investigate and object to the information included in paragraph 39 of the PSI. Claims of ineffective assistance of counsel require a showing of the two-prong test as set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). In order to succeed under the Strickland test, a movant has the burden of proving: (1) deficient performance by counsel; and (2) prejudice resulting therefrom. Id. at 687. This test also applies to claims of ineffective assistance of counsel arising out of the plea negotiation process. Hill v. Lockhart, 474 U.S. 52, 57-58 (1985).

The first prong of the Strickland test requires the Court to determine whether trial counsel performed below an "objective standard of reasonableness," while viewing counsel's challenged conduct on the facts of the particular case at the time of counsel's conduct. 466 U.S. at 688, 690. Notably, the Court recognizes that there is a strong presumption that counsel rendered adequate assistance and made all significant decisions with reasonable and competent

judgment. <u>Id.</u>

A counsel's performance is deficient if, given all the circumstances, his performance falls outside of accepted professional conduct. <u>Strickland</u>, 466 U.S. at 690. "Judicial scrutiny of counsel's performance must be highly deferential," and "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken "might be considered sound trial strategy." <u>Chandler v. United States</u>, 218 F.3d 1305, 1313-14 (11th Cir.2000) (quoting <u>Strickland</u>, 466 U.S. at 689 and <u>Darden v. Wainwright</u>, 477 U.S. 168 (1986)). Rather, for counsel's conduct to be unreasonable, a petitioner must show that "no competent counsel would have taken the action that his counsel did take." <u>Chandler</u>, 218 F.3d at 1315.

Where a defendant pleads guilty, in order to establish the prejudice prong of the <u>Strickland</u> test, the Petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill</u>, 474 at 59. Reasonable probability is defined as a "probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694.

The Supreme Court has consistently held that "as a matter of law, counsel's conduct ... cannot establish the prejudice required for relief under the second [prong] [o]f the Strickland inquiry." Nix v. Whiteside, 475 U.S. 157, 175 (1986). This admonition emphasizes the stringent requirement that if a petitioner does not satisfy both prongs of the Strickland test, "he will not succeed on an ineffective assistance claim." Zamora v. Dugger, 834 F.2d 956, 958 (11th Cir. 1987). See also Weeks v. Jones, 26 F.3d 1030, 1037 (11th Cir. 1994). Therefore, a court may resolve a claim of ineffective assistance of counsel based solely on lack of prejudice without considering the reasonableness of the attorney's performance. Waters v. Thomas, 46 F.3d 1506, 1510 (11th Cir. 1995) (citing Strickland, 466 U.S. at 697).

Notably, at Petitioner's sentencing hearing, the Court inquired of Petitioner whether he had reviewed the PSI with his counsel. (CR-D-141, p. 2-3.) Petitioner stated he had. (Id. at p. 3.) Counsel stated there were no objections to the factual statements. (Id.) Despite Petitioner's current claim that he knew at the time of sentencing that paragraph 39 of the PSI was inaccurate, he did not raise any objection at sentencing.

12

In any event, Petitioner cannot show prejudice resulting from his attorney's failure to object to paragraph 39. In this regard, even though paragraph 39 of the PSI was inaccurate with regard to the charge of which Petitioner was convicted, Petitioner's criminal history was still properly scored.

Section 4A1.1(c) provides for the addition of one point (up to a maximum of four points) for each prior sentence that did not result in a sentence of imprisonment of at least 60 days. U.S.S.G. § 4A1.1(c). A "prior sentence" is defined as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1).

Misdemeanor and petty offenses generally are counted towards a defendant's criminal history. United States v. Baker, 116 F.3d 870, 872 (11th Cir. 1997). Exceptions are set forth in sections 4A1.2(c)(1) and (2). For instance, section 4A1.2(c)(1) provides that certain misdemeanors and petty offenses (such as careless driving, gambling, prostitution, and trespassing) and offenses similar to them are only counted if (1) the sentence was a term of probation of more than one

year or at least 30 days imprisonment; or (2) if the prior offense was similar to the instant offense. U.S.S.G. §4A1.2(c)(1). Furthermore, section 4A1.2(c)(2) provides that sentences for offenses such as fish and game violations, hitchhiking, loitering and offenses similar to them are never counted. U.S.S.G. §4A1.2(c)(2).

Petitioner appears to contend that his misdemeanor conviction is not scoreable under section 4A1.1(c) and that Amendment 709 excludes the offense as countable. He cites no explanation nor authority for this proposition.

Amendment 709, in part, altered the way listed misdemeanor and petty offenses are treated. However, the Amendment has no effect on Petitioner's criminal history category. In this regard, Petitioner's offense of unlicensed mechanical contracting is not among the listed exceptions in sections 4A1.2(c)(1) or (2). Furthermore, Petitioner's misdemeanor offense is not similar to the offenses listed as exceptions. As a result, Petitioner would have been assessed one point for his misdemeanor conviction in any event. His criminal history category and resulting guideline range, therefore, would have remained unchanged. Petitioner thus has failed to meet the second prong of the Strickland test, and,

as such, Petitioner is not entitled to any relief as to this claim.

## EVIDENTIARY HEARING

Lastly, as to Petitioner's request for an evidentiary hearing, Petitioner has failed to demonstrate the need for such a hearing. The Court need not conduct an evidentiary hearing where it is evident from the record that the petitioner was not denied effective assistance of counsel. <u>Diaz v. United States</u>, 930 F.2d 832, 834 (11th Cir. 1991). Based on the foregoing analysis, the Court does not find that an evidentiary hearing is warranted.

It is therefore ORDERED that:

1)    Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (CV-D-1; CR-D-150) is DENIED.

2)    The Clerk is directed to enter judgment in favor of the Government, terminate all pending motions, and CLOSE the civil case.

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle , 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to

a certificate of appealability, he is not entitled to appeal _in_ _forma_ _pauperis_.

DONE AND ORDERED at Tampa, Florida this ___27th___ day of August, 2009.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE